NO. 07-08-0441-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 15, 2009
_____

IN THE MATTER OF THE MARRIAGE OF
WILLIAM CODY HESS AND HOLLYE DANIELLE HESS
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 76,033-2; HONORABLE PAMELA SIRMON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, William Cody Hess (Cody), appeals the entry of an Agreed Final Decree of Divorce. We will reverse and render in part and affirm in part.

Background

Cody filed for divorce from appellee, Hollye Danielle Gray-Hess. Prior to trial on the divorce, the parties reached an Agreement Incident to Divorce. One of the provisions of the agreement stated that, "If Petitioner [Cody] is deployed with the US Army, then Daniel and Katrina Klaehn shall have the right to exercise visitation with the parties' minor child." Before the trial court entered the agreed divorce decree, the Klaehns attempted to exercise

their visitation rights under the agreement on the basis that Cody was deployed with the US Army while stationed in Fayetteville, North Carolina. In response, Hollye filed a Motion for Clarification of Order for Possession or Access that asked the trial court to determine if Cody was deployed. At the final hearing in the divorce proceeding, the trial court also heard evidence relating to clarification of the phrase "military deployment." Following this hearing, the trial court accepted the parties' agreement incident to divorce and entered an Agreed Final Decree of Divorce. However, the trial court added the following handwritten note into the decree:

> The Court defines "military deployment" as assignments outside the continental United States. Proof, in writing, of such deployments must be provided to Hollye Gray-Hess before Daniel or Katrina Klaehn are allowed to exercise William Hess' rights of possession.

The trial court did not enter a specific finding regarding whether Cody was deployed, but it can be inferred that the trial court's addition to the decree was a ruling that Cody was not deployed.

By four issues, Cody appeals the trial court's additions to the Agreed Final Decree of Divorce and the trial court's implied ruling on whether Cody was deployed.

Analysis

The decree defines "military deployment" as "military duty ordered for a period of more than six months during which [Cody] will not be provided the option of being accompanied by the child and where the deployment is in a location where access to the child is not reasonably possible." This definition tracks the statutory definition of "military

2

deployment" found in Texas Family Code section 153.3161. See Acts 2005, 79th Leg., R.S., ch. 916, § 13, 2005 Tex. Gen. Laws 3148, 3152, repealed by, Acts 2009, 81st Leg., R.S., ch. 727, § 6, 2009 Tex. Gen. Laws 1851, 1855.[1]

During the hearing, Hollye testified that she and the child had lived with Cody in an off-base apartment in Fayetteville, North Carolina, for a period of time. In addition, Hollye testified that she has taken the child to visit Cody in Fayetteville since the filing of the divorce. This evidence was not disputed by Cody. Thus, it is clear that the evidence establishes that Cody, while stationed in Fayetteville, possesses the option of being accompanied by the child. Essentially, Cody's position at the hearing was that it would not be financially or logistically practical for him to be able to exercise his rights to standard visitation while stationed in North Carolina. However, we do not construe the statute to provide that financial and logistical hardships are sufficient to make access to the child not reasonably possible. Consequently, we conclude that the evidence conclusively established that Cody failed to meet the definition of "military deployment" under either the statute or the decree. As such, Cody is not entitled to invoke his right to alternate visitation and we will affirm the trial court's implied ruling that Cody was not deployed.

In regard to the trial court's addition of terms to the agreed decree, appellant conceded at oral argument that he would be willing to accept the trial court's requirement

[1] The Act repealing section 153.3161 provides that "The changes made by this Act apply to a suit affecting the parent-child relationship that is pending in a trial court on the effective date of this Act [September 1, 2009] or filed on or after that date." Thus, the definition of "military deployment" provided by the former section 153.3161 is the law applicable to this case.

3

that he provide written notice of deployment to Hollye before invoking his right to alternate visitation. Based solely on this concession and without addressing the merits of the issue, we will affirm that portion of the decree. Further, both in her brief and during arguments before this Court, Hollye indicated that she would be willing to agree to the deletion of the "outside of the continental United States" portion of the decree's definition of deployment. As a result, we will reform the decree to delete the sentence "The Court defines 'military deployment' as assignments outside the continental United States."[2]

Finally, while Cody raised an issue regarding the constitutionality of the trial court's actions in his brief, he conceded during oral argument that this issue was not raised before the trial court and is, therefore, waived.

Conclusion

For the foregoing reasons, we reverse that portion of the Agreed Final Decree of Divorce that states that "The Court defines 'military deployment' as assignments outside the continental United States" and render judgment that the same is stricken from the

---

[2] While our reformation of the judgment is based on the parties' agreement, we believe that the law supports this disposition. Section 153.3161 initially provided for alternate visitation whenever a party was "deployed outside of the United States." Acts 2005, 79th Leg., R.S., ch. 916, § 13, 2005 Tex. Gen. Laws 3148, 3152. However, this "outside of the United States" language was removed and replaced with the definition of "military deployment" discussed above by a 2007 amendment. See Acts 2007, 80th Leg., R.S., ch. 972, § 8, 2007 Tex. Gen. Laws 3390, 3392. Thus, we agree with Cody that the legislative history of the statute establishes that the trial court abused its discretion by adding the "outside of the continental United States" requirement to the statutory definition of the phrase "military deployment."

4

Agreed Final Decree of Divorce.  In all other respects, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice